# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Quantez Wilcox,

    Plaintiff,

v.

Ohio Depart of Rehab and Correction, *et al*.,

    Defendant,

Case No.  1:25cv175

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's March 21, 2025 Report and Recommendation ("R&R").  (Doc. 3).  The Magistrate Judge recommends this action be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction.  Plaintiff did not file timely objections to the R&R, but instead filed his Amended Complaint.  (Doc. 4).

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits.  *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i).  The action may be dismissed as frivolous and for lack of subject matter jurisdiction when the face of the complaint provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (table) (6th Cir. 1999) (citing *Michigan Sav. and Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)).  However, *pro se* complaints are "held to a less stringent standard than formal pleadings drafted by lawyers," and must be

"liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

In his original complaint, Plaintiff brought claims for "negligence, pain and suffering, unprofessional supervision" against Defendant Ohio Department of Rehabilitation and Correction. (Doc. 1-2, PAGEID 22). Plaintiff alleges that C/O Heiland injured Plaintiff's finger when Heiland slammed Plaintiff's finger in a metal door. As the Magistrate Judge pointed out, on the civil cover sheet Plaintiff checked the box for "other personal injury" torts. (Doc. 1-2, PAGEID 22). In his Amended Complaint, Plaintiff describes the same injury and explains that his claim is "pain and suffering, unprofessional negligence action." (Doc. 4, PAGEID 39). Plaintiff has again checked the box for "other personal injury" on the civil cover sheet. (Doc. 4, PAGEID 39). Even liberally construed, the Court concludes that Plaintiff's Amended Complaint does not invoke federal subject matter jurisdiction. Without subject matter jurisdiction, this court must dismiss the action. *See* Fed. R. Civ. P. (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Based on the foregoing, the Magistrate Judge's March 21, 2025 R&R (Doc. 3) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that this action be **DISMISSED without prejudice** for failing to assert a claim over which this Court has subject matter jurisdiction. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT